IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY HILLIS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TRANS UNION, LLC et al. | : | NO. 2:13-cv-2203 |

ORDER

AND NOW, this 17th day of September, 2013, upon consideration of Defendant Santander Consumer USA Inc.'s Motion to Dismiss for Failure to State a Claim (Doc. No. 14), Plaintiff's Response in Opposition (Doc. No. 20), and Defendant's Reply Brief in Support (Doc. No. 25), it is hereby ORDERED that the motion is DENIED.

Dismissal for failure to state a claim is proper only if "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 558 (2007). When considering a Rule 12(b)(6) motion to dismiss, courts accept the complaint's factual allegations as true and interpret them in the light most favorable to the plaintiff, drawing all inferences in the plaintiff's favor, PB Publ'g Co. v. Aichele, 705 F.3d 91, 97 (3d Cir. 2013), but should "disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements." James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012). The complaint's factual allegations need not be detailed, but "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Therefore, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

The present dispute arises out of an automobile loan that Plaintiff and his ex-wife entered into during their marriage. See Compl. ¶ 10; Def.'s Mem. Supp. Mot. Dismiss 1; Pl.'s Resp. Opp'n 4. In 2007, Plaintiff's marriage ended in divorce, and the Texas court's divorce decree awarded the underlying vehicle to Plaintiff's ex-wife. Def.'s Mem. Supp. Mot. Dismiss 3. The decree also required Plaintiff's ex-wife to make all remaining payments on the car loan and, in the event she failed to do so, indemnify Plaintiff for any resulting liability. Id.; Pl.'s Resp. Opp'n 6. Defendant Santander Consumer USA Inc. ("Santander") is the current owner of the car-loan account. See Compl. ¶ 10; Def.'s Mem. Supp. Mot. Dismiss 3 n.1.

Plaintiff alleges that Santander has violated the Fair Credit Reporting Act ("FCRA"), specifically 15 U.S.C. § 1681s-2(b). Compl. ¶ 30. According to Plaintiff, Santander has inaccurately reported the car loan to consumer reporting agencies[1] as Plaintiff's responsibility to pay, neglected to conduct a proper investigation into the matter, and failed to mark the loan as "disputed," despite knowledge of Plaintiff's efforts to dispute it. See Compl. ¶¶ 17, 30. Santander has moved to dismiss on the ground that its reporting is accurate, and it therefore cannot have violated the FCRA. See Def.'s Mem. Supp. Mot. Dismiss 2.

Santander principally argues that Plaintiff remains contractually liable for the car loan because the Texas divorce decree had no effect on third-party creditors' rights against Plaintiff or his ex-wife. Although Santander is correct about Plaintiff's continuing liability and the divorce

---

[1]Plaintiff originally filed this action against three such agencies: Trans Union LLC, Equifax Information Services LLC, and Experian Information Solutions LLC. Plaintiff later settled with Trans Union and Equifax Information Services, and his claims against them were dismissed with prejudice. See Orders dated Aug. 16, 2013 (Doc. Nos. 21, 22). Experian Information Solutions and Santander are the only remaining defendants in this matter.

decree's limitations,[2] this alone does not mean Santander's reporting was sufficiently accurate to satisfy the FCRA. "[A] credit entry can be 'incomplete or inaccurate' within the meaning of the FCRA 'because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'" Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1163 (9th Cir. 2009) (quoting Sepulvado v. CSC Credit Servs., 158 F.3d 890, 895 (5th Cir. 1998)). "Thus . . . a consumer report that contains technically accurate information may be deemed 'inaccurate' if the statement is presented in such a way that it creates a misleading impression." Saunders v. Branch Banking & Trust Co. of Va., 526 F.3d 142, 148 (4th Cir. 2008). A Third Circuit panel, in an unpublished opinion, recently embraced this definition of "inaccuracy," see Schweitzer v. Equifax Info. Solutions, 441 F. App'x 896, 902 (3d Cir. 2011), and courts in this district have followed suit. See Seamans v. Temple Univ., 901 F. Supp. 2d 584, 598 (E.D. Pa. 2012); Van Veen v. Equifax Info., 844 F. Supp. 2d 599, 606 (E.D. Pa. 2012).

  This Court agrees that "inaccurate" information, in the FCRA context, refers to information that either is factually incorrect or creates a misleading impression. Applying this standard to the present case, Santander's reported information was not factually incorrect, for Plaintiff did remain ultimately liable for the car loan. But this information, as presented, might still have created a misleading impression. Once Santander learned of the divorce decree, it could have reported Plaintiff's account as "disputed," or marked it in some other way that would cause a future creditor to inquire further and more completely understand Plaintiff's situation. For

---

[2]See, e.g., Blake v. Amoco Fed. Credit Union, 900 S.W.2d 108, 110–11 (Tex. App. 1995).

example, a creditor aware of Plaintiff's indemnity right against his ex-wife might view him as a slightly more favorable credit risk. If Plaintiff can prove that Santander's reporting was misleading enough to cause him harm, he may have an actionable claim under the FCRA. At this early stage in the litigation, this Court is not prepared to rule, as a matter of law, that he does not.[3]

For the foregoing reasons, Defendant Santander Consumer USA Inc.'s motion is DENIED.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.

---

[3] Santander cites several cases in which District Courts have declined to recognize FCRA claims brought by ex-spouses on facts similar, or at least analogous, to the present case. See Def.'s Mem. Supp. Mot. Dismiss 5–9 (discussing Dunkinson v. Citigroup Inc., No. 10–6489, 2012 WL 32573 (D.N.J. Jan. 5, 2012); Moline v. Experian Info. Solutions, 289 F. Supp. 2d 956 (N.D. Ill. 2003); and Morse v. USAA Fed. Sav. Bank, No. 2:12–CV–00381–KJD–RJJ, 2012 WL 6020090 (D. Nev. Dec. 3, 2012)). All these decisions dispose of the FCRA claims on the ground that the plaintiff ex-spouses remained liable for the underlying debts, and the defendants' reports were thus factually correct. See Dunkinson, 2012 WL 32573 at *3; Moline, 289 F. Supp. 2d at 958–59; Morse, 2012 WL 6020090 at *3. Because none of these cases deals with whether the reports may have been materially misleading to potential creditors, they are of minimal persuasive value in deciding the present matter.